[18 NYS3d 173]

In the Matter of DEAN GARY WEBER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 21, 2015

## APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Daniel M. Mitola* of counsel), for petitioner.

*McDonough & McDonough, LLP*, Garden City (*Chris McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a petition dated July 25, 2013,

containing four charges of professional misconduct, arising from the respondent's employment of a disbarred attorney, Craig Heller, as a "legal assistant." After hearings conducted on October 24, 2013 and November 20, 2013, both parties were notified by the Court that the Honorable Charles F. Cacciabaudo, who had been assigned as Special Referee to hear and report, recused himself in this matter. By decision and order on motion of this Court dated March 24, 2014, the matter was reassigned to John P. Clarke, Esq., as Special Referee, to hear and report. Prior to reading the record, on April 16, 2014, the Special Referee held a conference and afforded the parties the opportunity to present further evidence and argument. The petitioner and the respondent declined to do so.

After a review of the record, the Special Referee issued a report dated May 15, 2014, which sustained all charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems appropriate. The respondent, by his counsel, submitted an affirmation in opposition seeking to disaffirm the report of the Special Referee and to dismiss the proceeding. Alternatively, in the event that the report of the Special Referee is confirmed, the respondent requests that this matter be returned to the petitioner for a private sanction or that this Court issue no sanction greater than a censure. Additionally, counsel for the respondent seeks to file a sur-reply.

Charge one alleges that the respondent assisted a nonlawyer in the unauthorized practice of law, in violation of rule 5.5 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:

> "1. At all relevant times, the respondent's law firm provided legal services to clients with respect to loan modification and bankruptcy applications.
>
> "2. In or about the Spring of 2010, the respondent hired Craig Heller to assist him with his loan modification and bankruptcy practice.
>
> "3. The respondent knew at the time he hired Craig Heller that Heller was facing criminal charges, which would likely result in his disbarment.
>
> "4. The respondent knew or learned that on or about June 4, 2010, Craig Heller pleaded guilty to

grand larceny in the second degree, a felony, and that, as a result, Craig Heller was disbarred as an attorney in the State of New York.

"5. At all relevant times, from June 4, 2010, through the present, the respondent knew or should have known that, as a disbarred attorney, Craig Heller was forbidden from practicing law, holding himself out as an attorney-at-law, and soliciting clients on his own behalf or on behalf of the firm.

"6. At all relevant times, from June 4, 2010, through the present, the respondent knew, or should have known that, as an attorney, he was prohibited from employing Craig Heller, a disbarred attorney, to solicit clients on his own behalf or on behalf of his firm, and provide legal services to clients.

"7. At all relevant times, from June 4, 2010, through the present, the respondent utilized Craig Heller to, among other things, solicit clients on behalf of the firm, handle and manage loan modification and bankruptcy files, communicate with clients and lenders, and collect executed retainer agreements and fees from clients on behalf of the firm.

"8. At all relevant times, from June 4, 2010, through the present, the respondent knew that Craig Heller used the assumed name of 'Craig Miller' when communicating with clients of the firm and others."

Based upon the factual specifications of charge one, charge two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of rule 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0); charge three alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0); and charge four alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Notwithstanding the respondent's claim that Heller merely performed work as a "legal assistant," the Special Referee found that Heller continued to practice law while in the respondent's

employ and that, by permitting Heller to do so, the respondent assisted a nonlawyer in the unauthorized practice of law. Although the respondent's counsel urges this Court to give no weight to the findings of the Special Referee with respect to credibility, since he did not preside over the hearings, we note that, after this matter was reassigned to that Special Referee, the respondent chose not to present further evidence and argument when given the opportunity to do so. Nevertheless, upon review, we conclude that the evidence supported the Special Referee's findings. The respondent testified at the hearing that he hired Heller because Heller knew everything about the respondent's law practice, given his prior legal experience with real estate matters, and as a bankruptcy lawyer. Indeed, the respondent relied upon Heller's legal knowledge and expertise to allow Heller great autonomy in the performance of his work on clients' legal matters, and to delegate to him responsibility to act as the principal contact with clients with little or no supervision. Further, evidence of the respondent's complicity in Heller's deceptive conduct is found in his endorsement of Heller's use of a false identity, "Craig Miller," when communicating with the firm's clients and others. We find that the respondent authorized Heller to use an assumed name, in part, to conceal and deceive others concerning Heller's status as a disbarred attorney, and that Heller misled the respondent's clients to believe that he was an attorney named "Craig Miller." The record also reflects that the respondent authorized Heller to improperly solicit clients on behalf of the respondent's firm in violation of 22 NYCRR 691.10 (a).

In view of the respondent's admissions, and the credible evidence adduced, we conclude that the Special Referee properly sustained all charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted. The respondent's counsel's request to file a sur-reply is granted, and the sur-reply was considered in reaching this determination.

In determining an appropriate measure of discipline to impose, this Court has considered the respondent's lack of remorse and the absence of character evidence, as well as the respondent's disciplinary history, which consists of a public censure by opinion and order of this Court dated July 31, 2013, following his suspension before the United States District Court for the Southern District of New York for a period of one

year (*see Matter of Weber*, 110 AD3d 24 [2013]), and a letter of admonition. Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of two years.

ENG, P.J., MASTRO, RIVERA, DILLON and LEVENTHAL, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Dean Gary Weber, is suspended from the practice of law for a period of two years, commencing November 20, 2015, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than May 20, 2017. In such application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements (*see* 22 NYCRR 691.11 [c] [2]), and (4) otherwise properly conducted himself ; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension, and until the further order of this Court, the respondent, Dean Gary Weber, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law ; and it is further,

Ordered that if the respondent, Dean Gary Weber, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).